IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **FITT, S.P.A.,**<br><br>Plaintiff,<br><br>v.<br><br>**TEKNOR APEX CO.,**<br><br>Defendant. | Case No. 2:25-cv-1146<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff FITT, S.p.A. ("Plaintiff" or "FITT") hereby alleges for its Complaint against defendant Teknor Apex Co. ("Defendant" or "Teknor Apex") as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of United States Patent No. 11,353,143 (the "'143 patent" or "Asserted Patent") under the patent laws of the United States, 35 U.S.C. § 271, *et seq*. A true an accurate copy of the '143 patent is attached as **Exhibit A**.

**PARTIES**

2. Plaintiff FITT, S.p.A is a multinational fluid transport solutions company having a principal address in Italy at Via Piave 8, 36066 Sandrigo, Vicenza.

3. On information and belief, Defendant Teknor Apex Co. is a United States company headquartered at 505 Central Avenue, Pawtucket, RI 02861.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of United States, 35 U.S.C. § 271, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

1

5. This Court has personal jurisdiction over Teknor Apex due at least to Teknor Apex's substantial business in this judicial district, including (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

6. Specifically, Teknor Apex does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, and offer its products, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

7. Teknor Apex maintains a regular and established place of business in this District: a manufacturing plant at 4545 North Jackson Street Jacksonville, TX 75766.

8. Teknor Apex commits acts of infringement in this district, including, but not limited to, sale of the Accused Products identified below.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Teknor Apex has established and maintained a regular place of business in this District and has committed acts of patent infringement in this District.

## THE ASSERTED PATENT

10. On June 7, 2022 the '143 patent, entitled "Enlargeable Flexible Hose," was duly and legally issued by the United States Patent and Trademark Office (USPTO). The '143 patent names Alessandro Mezzalira, Valentino Vigolo, Luca Battaglia, Andrea Petronilli, Marco Bucci, and Alessandro Cegalin as inventors.

11. These inventors each assigned their rights as inventors to the Asserted Patent to FITT S.P.A., the Plaintiff, as recorded at reel/frame 059333/0579 of the USPTO database. Plaintiff is currently the owner of the entire right, title and interest of the Asserted Patent.

12. FITT has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Asserted Patent.

13. The Asserted Patent is generally directed to a hose structure that includes a multi-layer configuration that can expand when pressurized. These layers cooperate to both provide a pressure tight boundary, abrasion resistance, and a flexible enlargeable structure for transporting fluids.

14. Claim 11 of the '143 patent is exemplary and recites:

> 11. A hose assembly for transporting liquids, comprising:
>    an enlargeable flexible hose; and
>    a restriction placed within the hose or connected to the hose to create a working pressure therein to promote an enlargement of the flexible hose,
>    wherein the flexible hose includes:
>    an inner layer made of a first elastic polymeric material;
>    an outer layer made of a second elastic polymeric material; and
>    a textile reinforcement layer made of a single mesh interposed between the inner layer and the outer layer,
>    wherein the inner layer and the outer layer are reciprocally coupled to form a unitary tubular member having an original outer diameter;
>    wherein the unitary tubular member has an elasticity that causes the unitary tubular member to automatically enlarge under the working pressure imparted by a liquid flowing therethrough without increasing in length more than 15%, so as to increase the original outer diameter of the unitary tubular member and have an automatic recovery once the working pressure stops and assume again the original outer diameter;
>    wherein the textile reinforcement layer is embedded within the unitary tubular member to move between a rest configuration that the textile reinforcement layer has when no liquid flows through the unitary tubular member, and a working configuration that the textile reinforcement layer has when the unitary tubular member enlarges upon the working pressure; and
>    wherein the unitary tubular member and the textile reinforcement layer cooperate with each other so that under a working pressure of 5 bar an elongation in length of the unitary tubular member is less than 20% with respect to an original length when no liquid flows in the unitary tubular member.

(Ex. A ('143 patent), cl. 11.)

**TEKNOR APEX'S INFRINGING PRODUCTS**

15. Teknor Apex is a manufacturer and distributor of hose products.

16. Teknor Apex's hose products and public documents describe hoses that enlarge with water pressure. (*See, e.g.,* https://www.apexhose.com/zero-g-nxt)



17. Teknor Apex's hose and public documents show it configured to be connected to a restriction to create a working pressure and promote enlargement. (*See id.*).



18. Teknor Apex's hose and public documents disclose a multilayer design, including an inner layer made of an elastic polymeric material, an outer layer made of a second elastic polymeric material, and a textile reinforcement layer interposed therebetween. (*See id.*).



19. Further Teknor Apex's documents describe that the layers are reciprocally coupled to form a unitary tubular member as claimed in the '143 patent. (*See id.*). Teknor Apex has been selling, offering for sale, and/or importing products into the United States that infringe the Asserted Patent.

20. On October 2, 2023 FITT provided Teknor actual notice of its infringement of the Asserted Patent via email.

21. The email provided to Teknor explained that the claims of the Asserted Patent cover at least the products detailed in the October 2 email.

22. FITT sought to find an agreement regarding the matter. Teknor Apex refused to reach an agreement and has willfully continued with its infringing activities.

23. Teknor Apex has had actual knowledge of the Asserted Patent since October 2, 2023.

24. Since October 2, 2023, Teknor Apex has had knowledge that it uses, sells, offers for sale, and/or imports products that infringe the Asserted Patent; and it encouraged others to infringe those patents through its activities.

25. Teknor Apex's actions, alone and in conjunction with others, constitute a willful infringement of the Asserted Patent and exceptional circumstances pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT 1
## Infringement of the '143 patent

26. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

27. In violation of 35 U.S.C. § 271, Teknor Apex has infringed and induced others to infringe at least claim 11 of the '143 patent, literally or under the doctrine of equivalents, by among other things, making, using, offering for sale, selling, and importing into the United States unlicensed products in a manner that infringes on the '143 patent. These products include at least the Zero-G NXT hose and the Synergy hose which were identified in FITT's October 2, 2023 email.

28. Teknor Apex's hoses infringe on at least claim 11 of the '143 patent.

29. Teknor Apex's hose products are hose assemblies for transporting liquids.

30. Teknor Apex's hose products comprise an enlargeable flexible hose.

31. Teknor Apex's hose products comprise a restriction placed within or connected to the hose to create a working pressure and promote enlargement of the flexible hose.

32. Teknor Apex's hose products comprise an inner layer made of a first elastic polymeric material.

33. Teknor Apex's hose products comprise an outer layer made of a second elastic polymeric material.

34. Teknor Apex's hose products comprise a textile reinforcement layer made of a single mesh interposed between the inner layer and the outer layer.

35. The inner layer and the outer layer of Teknor Apex's hose products are reciprocally coupled to form a unitary tubular member having an original outer diameter.

36. Teknor Apex's hose products comprise a unitary tubular member that has an elasticity that causes the unitary tubular member to automatically enlarge under working pressure imparted by a liquid flowing through it without increasing in length more than 15%, so as to increase the original outer diameter of the unitary tubular member and have an automatic recovery once the working pressure stops and assume again the original outer diameter.

37. Teknor Apex's hose products' textile reinforcement layer is embedded within the unitary tubular member to move between a rest configuration that the textile reinforcement layer has when no liquid flows through the unitary tubular member, and a working configuration that the textile reinforcement layer has when the unitary tubular member enlarges upon the working pressure.

38. Teknor Apex's hose products' unitary tubular member and textile reinforcement layer cooperate with each other so that under a working pressure of 5 bar an elongation in length of the unitary tubular member is less than 20% with respect to an original length when no liquid flows in the unitary tubular member.

39. In view of the foregoing, Teknor Apex has infringed and continues to infringe on the '143 patent in violation of 35 U.S.C. § 271.

40. Teknor Apex has had knowledge of the '143 patent and that its activities infringe the '143 patent before the filing of this action. For example, Teknor Apex has had knowledge of the '143 patent and its infringement thereof due to FITT's email sent to Teknor Apex on October 2, 2023.

41. Teknor Apex takes steps and has taken steps to knowingly induce infringement of the '143 patent by directing, encouraging, promoting, and instructing other to make, use, offer for sale, sell, and/or import the infringing products in the United States.

42. Teknor Apex takes steps and has taken steps to knowingly cause contributory infringement of the '143 patent by making, using, offering for sale, selling, and/or importing products that are especially made for use in an infringement of '143 patent.

43. Plaintiff is entitled to the relief provided by 35 U.S.C. § 284, including, *inter alia*, damages adequate to compensate Plaintiff for the infringement, but not less than a reasonable royalty, or lost profits for the use made of the invention of the '143 patent by Teknor Apex, together with interests and costs.

44. Despite having actual notice of the '143 patent, Teknor Apex continues to actively infringe the '143 patent in disregard of the Plaintiff's rights, making this case exceptional and entitling Plaintiff to reasonable attorney's fees pursuant to 35 U.S.C. § 285.

## DEMAND FOR A JURY TRIAL

45. Plaintiff herby demands a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

A. Enter judgment that Teknor Apex has infringed one or more claims of the '143 patent;

B. enter judgment that Teknor Apex's infringement has been willful;

C.  award Plaintiff damages in an amount sufficient to compensate it for Teknor Apex's infringement of one or more claims of the '143 patent, together with pre-judgement and post-judgment interest costs, and all other damages permitted under 35 U.S.C. § 284;

D.  declare this to be an exceptional case within the meaning of 35 U.S.C. § 285;

E.  award Plaintiff its costs in this action, together with reasonable attorneys' fees and pre-judgment and post-judgment interest; and

F.  award Plaintiff such other and further relief, including other monetary and equitable relief, as this Court deems just and proper.

Dated:  November 21, 2025              Respectfully submitted,

                                       By: */s/ Carl E. Bruce*
                                           Carl E. Bruce
                                           Texas Bar Number 24036278
                                           bruce@fr.com
                                           Michael A. Vincent
                                           Texas Bar No. 24105738
                                           vincent@fr.com
                                           **FISH & RICHARDSON P.C.**
                                           1717 Main Street, Suite 5000
                                           Dallas, TX  75201
                                           (214) 747-5070 – Telephone
                                           (214) 747-2091 – Facsimile

                                           **COUNSEL FOR DEFENDANT FITT, S.P.A.**